## Gabonay et al. v. Pugnar

Before Laird, P. J., McWherter and Bauer, JJ.

*Kunkle & Trescher*, for plaintiffs.

*Goethe Faust*, for defendant.

LAIRD, P. J., January 16, 1950.—This is an action in trespass brought by plaintiffs herein to recover damages sustained by them in an automobile accident, which occurred on June 14, 1948, near the Village of Crabtree, in this county.

Plaintiffs, Ann Gabonay and Mary Consavage, were guests in an automobile driven by defendant, Anthony Pugnar, and John Consavage, third plaintiff, is the husband of Mary Consavage, who joins as plaintiff in the action to recover damages and expenses, which he incurred by reason of the injuries his wife, Mary Consavage, sustained in the accident.

Women plaintiffs were guests in an automobile driven by defendant and allege that the accident occurred by reason of his negligence in the operation of the car; both of the women suffering considerable injury.

The case was submitted to a jury on a charge of which there is no complaint, but the matter now comes before the court en banc on plaintiffs' motion for a new trial for the reason that the jury in considering the case took no action regarding Mary Consavage or John Consavage and rendered no verdict either for plaintiffs or defendant, but only rendered a verdict in favor of Ann Gabonay for the amount of her doctor bills and took no action regarding the hospital expenses or any pain and suffering which she may have endured by reason of the injuries sustained in the accident.

In LoBianco et al. v. Willgrubs et al., 52 Dauph. 358, the court said:

"If this plaintiff is entitled to recover, under the law and the facts in the case, he is certainly entitled to recover his loss in earnings and be compensated for his pain and suffering. A verdict of the type we have here would indicate it to be a 'sympathy' verdict and such verdicts are just as unconscionable as verdicts based upon prejudice or any other unlawful or improper basis. If this plaintiff is entitled to recover against this defendant, he is entitled to recover not only the expense incurred for medical services, but for the other items of legal damage he suffered by reason of the happening upon which this action is based. Under no

theory of the law could he be entitled to recover for the medical expense and be debarred from recovering such items of damage as loss of earnings and pain and suffering, which are shown by the uncontradicted evidence in this case."

Plaintiffs further complain of the wholly inadequate amount of the verdict as far as all three of plaintiffs are concerned and we are inclined to agree with them. Under the testimony plaintiffs, all being guests in the car operated by defendant, cannot be held liable for any negligence on the part of defendant, and we are of opinion that plaintiffs should have the opportunity of presenting their evidence to another jury, and that a new trial, therefore, should be granted. We, therefore, enter the following decree:

And now, to wit, January 16, 1950, after argument and after due and careful consideration, it is ordered, adjudged and decreed, all judges concurring, that the motion for a new trial be and the same hereby is granted.